UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RICKY RANDALL TRAHAN ET AL**     **CASE NO.  2:22-CV-06139**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**ASPECT ENERGY LLC**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court are Defendant Aspect Energy LLC's ("Aspect") Motions to Dismiss and Motion for More Definite Statement (Doc. 5), wherein Aspect moves the Court to dismiss Plaintiffs Ricky Randall Trahan and Ricky's Aluminum and Steel Welding, Inc.'s claims for civil fruits and unjust enrichment. Additionally, Aspect moves the Court to order Plaintiffs to amend their complaint to identify the specific claims they are making against Aspect and the factual and legal basis for each claim. Plaintiffs do not oppose Aspect's Rule 12(b)(6) Motion to Dismiss but do oppose Aspect's Rule 12(e) Motion for More Definite Statement. Doc. 13.

## I. BACKGROUND

This lawsuit arises from alleged damage to Plaintiffs' property from the discharge and disposal of Aspect's exploration and production wastes connected with its operations nearby or in the vicinity of Plaintiffs' property located at 1485 E. Lincoln Rd., Lake Charles, Louisiana. Doc. 1-2. On May 26, 2022, Plaintiffs brought suit in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, for damages. *Id.* On December 7, 2022, Aspect removed the case to this Court under diversity jurisdiction. Doc. 1.

## II. <u>LEGAL STANDARD</u>

A court may require a plaintiff to amend his petition in order to include a more definite statement of his claim. Fed. R. Civ. P. 12(e). A defendant may move for relief under Rule 12(e) rather than responding if the pleadings "fail[ ] to specify the allegations in a manner that provides sufficient notice...." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Where, however, the defendant "is complaining of matters that can be clarified and developed during discovery," rather than those that impede his ability to respond, an order directing a more definite statement is not warranted. *Potter v. Cardinal Health, Inc.*, 381 F.Supp.3d 729, 734 (E.D. Tex. 2019) (internal quotations omitted).

## III. <u>LAW & ANALYSIS</u>

Here, Plaintiffs do not oppose Aspect's Rule 12(b)(6) Motion to Dismiss as to their claims for civil fruits and unjust enrichment. Thus, those claims will be dismissed.

In its accompanying Rule 12(e) motion, Aspect argues that Plaintiffs' petition fails to allege sufficient facts to provide it with notice of the claims being asserted against it and the grounds upon which those claims are based. Doc. 5-1, p. 6. Specifically, Aspect argues that Plaintiffs have plead "continuing damages for mental anguish and distress, annoyance, embarrassment and inconvenient" yet allege no facts to support those claims. *Id.*; doc. 1-2, p. 10.  Moreover, Aspect argues that Plaintiffs provide no basis for their claims of diminished values and stigmatization. Doc. 5-1, p. 6. Lastly, Aspect argues that Plaintiffs have plead a negligence claim but did not refer to Louisiana Civil Code article 2315. *Id.* at 6–7. Plaintiffs respond with the following arguments: that their (8) page petition clearly provides adequate notice to Aspect of their claims against it for mental anguish; that ¶5 of

the petition states that Aspect has known of the natural gas migration onto Plaintiffs' property, which has led to the diminution in value and stigmatization; and the lack of mentioning a specific codal provision does not negate its negligence claims. Doc. 13, pp. 3–5.

First, as to the claims for mental anguish and distress, the petition states that "Petitioner prays" for judgment for "[a]warding Petitioners compensatory damages" for "mental anguish and distress . . . ." Doc. 1-2, p. 10. On the face of the petition, "Petitioners" are comprised of a natural person and a juridical person yet claim both are entitled to damages for mental anguish. Mental anguish damages are not available for juridical persons such as Ricky's Aluminum and Steel Welding, Inc. *Cf. Simple Enterprises, Inc. v. Texas Prop., LLC*, 2017-222 (La. App. 3 Cir. 12/28/17)) ("A corporation by its very nature cannot suffer real mental injury. A corporation is a juridical person as opposed to a natural one . . . ."). Accordingly, Plaintiffs' claims for damages as to mental anguish and distress need to be clarified.

Second, pertaining to Plaintiffs' claim for diminished values and stigmatization, ¶17 of the petition incorporates alleged facts from other parts of the petition and alleges that they have suffered damage to "his property in the form of diminished values and stigmatization." Doc. 1-2, p. 8. Though Plaintiffs offer no source of law for this claim, it is recognized as a form of property damages in Louisiana. *See Bonnette v. Conoco, Inc.*, 837 So. 2d 1219, 1240 (La. 2003) (affirming trial court's award of property damages based on a 10% diminution in value due to the "stigma effect"). Accordingly, Aspect's motion for

more definite statement will be denied as to Plaintiffs' claim for diminished values and stigmatization.

Lastly, regarding Plaintiffs' negligence claims, Aspect argues that Plaintiffs did not plead Louisiana Civil Code article 2315 and did not plead that Aspect owed a duty of care to Plaintiffs. Doc. 14, pp. 3–4. Plaintiffs have alleged Aspect acted negligently causing them damages, plead sufficient factual statements corresponding to those acts and the resulting damages, and prayed for judicial relief. Aspect's argument that Plaintiffs must allege Article 2315 for a negligence claim is unpersuasive; in Louisiana, "[t]he fountainhead of tort liability is LSA–C.C. art. 2315." *Glasgow v. PAR Mins. Corp.*, 70 So. 3d 765, 770 n.4 (La. 2011). As to Aspect's argument that Plaintiffs must plead that Aspect owed Plaintiffs a duty, that argument is likewise unavailing; "[i]n negligence cases, there is an almost universal duty on the part of a defendant to use reasonable care to avoid injuring another." *Pontchartrain Nat. Gas Sys. v. Texas Brine Co.*, LLC, 268 So. 3d 1058, 1062 (La. App. 1 Cir. 2018), *writ denied sub nom. Pontchartrian Nat. Gas Sys. v. Texas Brine Co., LLC*, 273 So. 3d 1210 (La. 2019); *accord Brooks v. Transit Mgmt. of Se. Louisiana*, 996 So. 2d 9, 15 (La. App. 4 Cir. 2008), *writ granted*, 998 So. 2d 88 (La. 2009), *and aff'd sub nom. Brooks v. Transit Mgmt. of Se. Louisiana, Inc.*, 13 So. 3d 186 (La. 2009). Therefore, the petition provides sufficient information that demonstrates it is entitled to relief for claims of negligence.

## IV. CONCLUSION

For the above-mentioned reasons, Defendant Aspect's Motion to Dismiss (Doc. 5) will be granted and claims for civil fruits and unjust enrichment will be dismissed.

Additionally, Defendant Aspect's Motion for a More Definite Statement will be granted in part as to Plaintiffs' claims for mental anguish damages and denied in part as to all other requested relief. Plaintiffs have fourteen days from the date of this order to restate the claims for mental anguish and distress damages.

    **THUS DONE AND SIGNED** in Chambers on this 22nd day of September 2023.

                        **JAMES D. CAIN, JR.**
                **UNITED STATES DISTRICT JUDGE**